ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TONY SOWELL, <br>     PETITIONER, | § § § | |
| vs. | § | Civil Action No. 4:13-CV-290-Y |
| RODNEY W. CHANDLER, Warden, <br> FCI-Fort Worth, <br>     RESPONDENT. | § § § § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendations of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A. NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

**B. PARTIES**

Petitioner Tony Sowell, Reg. No. 03009-017, is a federal prisoner currently confined in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

Respondent Rodney W. Chandler is Warden of FCI-Fort Worth.

### C. PROCEDURAL HISTORY

Thompson is serving a 20-year term of imprisonment for conspiracy to manufacture marijuana and attempting to manufacture marijuana imposed by the United States District Court for the Northern District of Florida in Case No. 1:97-CR-00032-001. (Resp't App. at 2-3) The Bureau of Prisons (BOP) calculates his projected release date as August 25, 2016. (*Id.*)

### D. ISSUE

In this petition, petitioner challenges the reduction in earning rate of good-conduct time (GCT) as a result of his voluntary withdrawal from the BOP's GED and literacy program while confined at the Federal Correctional Complex in Oakdale, Louisiana (FCC Oakdale), on the basis that he was not counseled regarding the negative effect his withdrawal from the program would have on the award of GCT. (Pet'r Reply at 1-3) Specifically, petitioner asserts–

> [he] should receive the 54 days a year [under 18 U.S.C. § 3624(b)], rather than the 42 days per year he was credited during the time span from December 15, 1999 - September 17, 2010 about 132 days should be credited to petitioner because he was not counseled as to the adverse effect his withdrawal from the GED program would have on his good time credit.
> Counseling of an inmate concerning his withdrawal from the program, and the effect it will have on his earned good time credit is mandatory per BOP Literacy or ESL Program Withdrawal Form.

(Pet. at 2-3)

### E. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Respondent asserts *inter alia* that the petition should be dismissed because petitioner failed to *properly* exhaust his administrative remedies as to the claim presented. (Resp's Resp. at 3-5) Federal prisoners must exhaust administrative remedies in a procedurally correct manner before seeking habeas relief in federal court under 28 U.S.C. § 2241. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir.

1994). The purpose of exhaustion is to permit the federal agency being challenged to correct its own error without court intervention. *See Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991).

The record reflects petitioner sought an administrative remedy and completed the appeal process, notwithstanding the fact that he may not have complied with the appropriate deadlines for doing so. (Attachs. to Pet.) The undersigned finds this was sufficient for exhaustion purposes.

## F.  DISCUSSION

The BOP has promulgated regulations and policies that govern GCT in accordance with the congressional mandates set forth in 18 U.S.C. § 3624(b). The BOP has considerable discretion in deciding whether and how to award GCT to prisoners. The GCT credits petitioner claims entitlement to are made available to federal prisoners as an incentive to further their education. Pursuant to a statutory mandate found in 18 U.S.C. § 3624(f), the BOP requires any inmate without a high school diploma or GED to attend instructional courses until such time as they complete 240 hours of attendance or obtain a GED, whichever occurs first. 28 C.F.R. § 544.70. Once the inmate has reached 240 hours, the BOP offers additional incentives to encourage completion of the course under 28 C.F.R. § 523.20(c)(1). Under this regulation, a prisoner serving a sentence for an offense committed on or after April 26, 1996, can receive 54 days of GCT credit per year if the inmate "has earned or is making satisfactory progress toward earning a GED credential." *Id.* However, if the inmate chooses not to pursue a GED beyond the mandatory 240 hours, 28 C.F.R. § 523.20(c)(2) provides that the BOP shall award only 42 days of GCT credit per year, rather than 54 days. *See also* BOP Program Statements 5350.28 (Resp't App. 20-59) & 5884.03.

In denying petitioner's request for the 132 additional days of GCT, the warden of FCC Oakdale responded as follows:

> This is in response to your Request for Administrative Remedy received on May 29, 2012, in which you are requesting 132 days of good conduct time be restored.
>
> In accordance with Program Statement 5884.03, <u>Good Conduct Time Under the Prison Litigation Reform Act</u>, inmates are awarded 42 days credit for each year served . . . if the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma. You submitted an Inmate Request to Staff Member dated November 9, 1999, requesting to withdraw from the GED program, and on December 14, 1999, you were removed from the GED program. You have provided no evidence to substantiate your allegation of not being notified of the consequences of withdrawing from the GED program.
>
> . . .

(Attach. to Pet.)

> On appeal, the Regional Director responded as follows:
>
> You are appealing the Warden's response to your complaint regarding your sentence computation. You request 132 days of Good Conduct Time (GCT) be restored to your federal sentence.
>
> . . .
>
> Program Statement 5884.03, <u>Good Conduct Time Under the Prison Litigation Reform Act</u>, states for inmates serving a sentence for an offense committed on or after April 26, 1996, the Bureau will award 54 days credit for each year served if the inmate has earned or is making satisfactory progress toward earning a GED credential or high school diploma; or 42 days credit for each year served if the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma.
>
> Documentation verifies your education status was updated from GED SAT to GED UNSAT and again updated from GED UNSAT to GED SAT. As a result from December 15, 1999, to September 17, 2010, your GCT rate was 42 days per year.
>
> Based on a review of your sentence computation and the information above, your federal sentence has been accurately computed in accordance with Bureau of Prison policy and federal statute; . . .

(*Id.*)

4

Finally, the Administrator of National Inmate Appeals responded as follows:

This is in response to your Central Office Administrative Remedy Appeal wherein you request the application of Good Conduct Time you should have received from December 15, 1999, up to and including September 17, 2010, during which time you withdrew from the GED program, a requirement for you to receive full Good Conduct Time credit. You claim that you were never counseled or notified of the consequences of withdrawing from the program, and there is no written documentation of such notification.

Your education history reflects that you dropped out of the GED course on February 16, 1994, on December 15, 1999, on July 27, 2007, and again on May 7, 2008. You re-enrolled in the GED course again on April 8, 2010 and completed courses earning your GED on May 9, 2011.

P.S. 5884.05, Good Conduct Time Under the Prison Litigation Reform Act, states in part, "For inmates serving a sentence for an offense committed on or after April 26, 1996, the Bureau will award (1) 54 days credit for each year served . . . if the inmate has earned or is making satisfactory progress toward earning a GED credential or high school diploma; or (2) 42 days credit for each year served . . . if the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma.

When education department staff enter your education status into Sentry as "dropped GED non-promotable," your sentence computation is automatically updated to reflect the change in good conduct time applications. Program Statement 5350.28, Literacy Program (GED Standard) requires education staff to document that you were counseled regarding the consequence or the impact for not making satisfactory progress toward earning your GED.

***This counseling is documented on your Sentry Inmate Education Data Program Review/Withdrawal Education History as required in accordance with the above mentioned program statement. The forms are only maintained for 3 years, but remains documented in Sentry as described above.*** In addition, the Prison Litigation Reform Act requires the reduction in good conduct time earnings as outlined in Program Statement 5884.03, Good Conduct Time Under the Prison Litigation Reform Act.

We find your sentence has been computed as directed by federal Statute, Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and other applicable Bureau policy. . . .

(*Id.*) (emphasis added)

In addition, Randy Treadway, the Supervisor of Education at FCC Oakdale, explains in his declaration filed herein:

> In order to withdraw from the literacy program an inmate must meet in person with either the Supervisor of Education or the Literacy Program coordinator for a withdrawal interview. ***The interview discussion focuses on the ramifications of their withdraw[al], to include the reduction in Good Conduct Time ("GCT") earning rate, from 54 days to 42 days***, and their job pay grade. The in person withdrawal interview is documented in SENTRY in the Inmate Education Data, Program Review/Withdrawal Interview transaction. Thereafter, the inmate must meet in person with his or her Unit Manager and Case Manager to obtain approval and signature to withdraw. ***During the interview they are again counseled extensively on the ramifications of their withdrawal*** and the unite term endeavors to convince the inmate to remain enrolled in the program.

(Resp't App. at 61-62) (emphasis added)

Petitioner asserts his claim that he was not counseled regarding the ramifications of withdrawing from the GED program is supported by the absence of "Literacy or ESL Program Withdrawal Forms" or other "counseling material" in his "Central File." (Pet'r Supp. Reply at 2-4) Petitioner's argument is not persuasive.

First, any documentary evidence has most likely been disposed of or destroyed by the BOP at this point. Second, petitioner has not shown that any such violation of the prison rules gave rise to a constitutional denial of due process. This case is not about the loss of GCT credits previously earned by petitioner, but rather the loss of the ability to earn an additional twelve days of GCT each year. There is support for the proposition that petitioner has no liberty interest in the "mere opportunity to earn" GCT credits. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *Colon v. Zickefoose*, No. 12-3433-RBK, 2013 WL 6497957, at *6 (D.N.J. Dec. 11, 2013).

Third, even assuming petitioner has a liberty interest in the "loss" of the additional twelve days GCT annually, the relevant statutes, regulations and program statements cited above provided

6

him notice as did the fact that when he expressed his intention to withdraw from the GED program at various times, the education staff at FCC-Oakdale counseled him regarding the consequences of withdrawal, including the effect withdrawal would have on his GCT earning status. (Resp't App. at 61-62) *Wright v. Wells*, No. CV-312-011, 2013 WL 1736770, at *7 (S.D.Ga. Mar. 21, 2013); *Molina v. Longley*, No. 10-294E, 2012 WL 2679488, at *4 (W.D.Pa. July 6, 2012). Additionally, petitioner was provided an opportunity to contest the denial of the additional GCT. The BOP gave him a chance to present his argument at each of the three stages of the BOP's administrative remedy process. *Holman v. Cruz*, No. 08-647-RHK/JJK, 2008 WL 5244580, at *4 (D.Minn. Dec. 15, 2008). Accordingly, petitioner's due process rights were not violated.

## II. RECOMMENDATION

It is recommended that this petition for writ of habeas corpus be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January ___16___, 2014. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing

before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until January 16, 2014, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 26, 2013.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE